## LOCKOBY v. COOK *et al.*

No. 2365. Opinion Filed December 7, 1913.

Rehearing Denied May 13, 1913.

(132 Pac. 142.)

**FRAUDULENT CONVEYANCES—Pleading—Variance.** In an action to set aside a deed, and to have a certain judgment declared a lien on the property described in such deed, the action being based upon a judgment alleged to have been rendered in a certain court, on a certain day, against certain parties, for a specific amount, and to prove such judgment the plaintiff introduces a judgment rendered in a different court for a different amount, and against different parties, **held**, such variance between the allegations and proof in the absence of amendment is fatal. And, in the absence of any evidence that the judgment introduced had been recorded or docketed so as to become a subsisting lien, it was not necessary for the trial court to decide whether the deed should be set aside or not.

(Syllabus by Harrison, C.)

*Error from District Court, Grady County;*
*John R. McCalla, Special Judge.*

Action by W. M. Lockoby against S. B. Cook and another.
Judgment for defendants, and plaintiff brings error. Affirmed.

*F. E. Riddle,* for plaintiff in error.
*Bond & Melton,* for defendants in error.

Opinion by HARRISON, C. In June, 1908, Wm. Lock-
oby brought suit in the district court of Grady county · against
S. B. Cook and S. V. Cook, wherein it was sought to set
aside a deed to a tract of land from E. H. Peery and wife
to Miss S. V. Cook, and to have the title to said tract of
land declared to be in S. B. Cook, and to have a certain judg-
ment decreed to be a lien on said tract. Plaintiff alleged that
on November 10, 1903, Edson-Keith & Co., of Chicago, caused
an execution to be issued and levied upon the property of S.
B. Cook in satisfaction of a judgment theretofore obtained
by Edson-Keith & Co. against S. B. Cook. That S. B. Cook
obtained an order of injunction restraining the United States
Marshal from proceeding under said execution; that in ·said
injunction proceeding said S. B. Cook gave an injunction bond
with W. C. Pimm and H. C. McKay as sureties; that there-
after, upon a hearing, said injunction was dissolved and judg-
ment rendered against S. B. Cook as principal and W. C. Pimm
and H. C. McKay as sureties on said bond for· the sum of
$585.28 and interest and costs; that thereafter an appeal was
taken from said judgment on said injunction bond to ˙the
Court of Appeals of the Southern District for the Indian Ter-
ritory at South McAlester, wherein the judgment of the lower
court was affirmed; that thereafter the said W. C. Pimm and
H. C. McKay, as sureties on said injunction bond, paid said
Edson-Keith & Co. more than $500 on said judgment, with the
understanding and agreement that such judgment should be
kept alive for the use and benefit of said W. C. Pimm and
H. C. McKay against said S. B. Cook, and that thereafter

they caused said judgment to be assigned and transferred by
Alexander B. Adams, the surviving partner of Edson-Keith &
Co., to Wm. Lockoby, plaintiff herein, with authority to bring
suit for the use and benefit of said W. C. Pimm and H. C.
McKay. It is also alleged that plaintiff caused execution to
be issued on said judgment in the name of Edson-Keith &
Co, against S. B. Cook, and that the officer's return on said
execution showed no property found; that at the time of
bringing. this suit said judgment together with interest and
costs amounted to $735.50.

Plaintiff further alleged that the title to the tract of land
herein referred to was in S. B. Cook, instead of S. V. Cook;
that S. B. Cook had furnished the money with which to pay
for said tract and had same deeded to his sister, S. V. Cook,
for no consideration except to defraud his said judgment cred-
itors. Wherefore, they ask that said deed be canceled and set
aside, and that said judgment on said injunction bond be de-
clared a lien on said property. Issues being joined by the
pleadings, the cause was tried in June, 1910, and judgment
rendered in favor of defendants. From such judgment, plain-
tiff brings the case here.

Numerous errors are assigned as grounds for reversal.
Most of which, however, bear upon the deed which plaintiff
sought to set aside and the rulings of the court in reference
thereto. But it could serve no purpose to decide these ques-
tions, unless the basis of plaintiff's action, the judgment which
he pleads and predicates his action upon, is supported by the
evidence. The gist of his cause of action is that he had a cer-
tain judgment against S. B. Cook, by reason of which judg-
ment he asked that the deed to S. V. Cook be set aside, the
title to the land be decreed in S. B. Cook and the judgment
declared a lien on said land. He introduced in evidence a
journal entry of a certain judgment. Now, if the judgment
introduced in evidence had been the judgment alleged in the
petition, then a number of material questions arise for de-
termination before the court would be justified in setting the

conveyance aside and declaring the judgment a lien upon the property, viz.: First, Whether it was such a judgment against defendant S. B. Cook as under the law constituted a lien on his property. Second. Whether it had been so recorded or docketed as by law it became a lien upon such property. Third. Whether during the lapse of intervening years it had become necessary to revive such judgment, and, if so, whether it had been revived as required by law in order to keep alive such lien. Fourth. If it was such a judgment as constituted a valid and subsisting lien, then was it such a judgment as under the law could be assigned, and, if so, could the surviving partner assign the interest and estate of deceased partners in said judgment, and was such assignment valid. These questions were raised by defendants, and would have demanded a determination before reaching the question of fraud in the deed providing it had been proved by the evidence that plaintiff had the judgment upon which he predicated his action. But a determination of these questions, as well as the question of fraud in the deed, was wholly unnecessary until plaintiff proved his judgment. The judgment pleaded was a judgment entered against Cook, Pimm, and McKay by the United States Court for the Southern District for the Indian Territory for $585.28, interest and cost. The judgment introduced was a judgment of the Court of Appeals against Cook, McKay, and Pimm and the United States Fidelity & Guaranty Company for $369.58, without any proof that such judgment had ever been docketed or entered on the journal so as to make it a lien against the property of S. B. Cook, and without any proof that the judgment introduced had ever been assigned to the plaintiff in this action.

Hence, in the absence of any evidence showing that the judgment introduced constituted such a lien against defendant's property, and in the absence of any competent evidence that plaintiff had such a judgment as he based his action

upon, we must hold that plaintiff failed to prove his case, and that the judgment of the lower court should be affirmed.

By the Court:  It is so ordered.